# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

SUSAN DUMAS and　　　　　　　　　)
SIDNEY DUMAS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　CASE NO.: _____
　　　　　　　　　　　　　　　　　)　JUDGE
TARGET CORPORATION,　　　　　　　)　JURY DEMAND
　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　)

**EXHIBIT 1**

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNENSSEE

| | |
|---|---|
| SUSAN DUMAS and<br>SIDNEY DUMAS,<br><br>    Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    JURY DEMAND<br><br><br><br>CASE NO.: _____ |

## COMPLAINT

1. Plaintiffs, Susan Dumas and Sidney Dumas, are husband and wife and are citizens and residents of Nashville, Davidson County, Tennessee. The Plaintiffs' cause of action arises from personal injuries Susan Dumas suffered on December 12, 2021, while shopping at Target, located at 26 White Bridge Road, Nashville, Tennessee, 37205.

2. Defendant, Target Corporation, is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403-2542. Its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

3. Venue is proper in Davidson County, Tennessee, in that the events giving rise to this cause of action occurred in Nashville, Davidson County, Tennessee.

## FACTUAL BACKGROUND

4. On December 12, 2021, Susan Dumas was shopping at the Target store located at 26 White Bridge Road, Nashville, Tennessee, 37205.

5. Plaintiff was lawfully on the subject premises as a customer and/or invitee of the Defendant.

6. Towards the back of the Target store, there was a designated area with holiday decorations, including Christmas tree displays.

7. Mrs. Dumas was shopping for Christmas decorations in this holiday area.

8. Upon information and belief, at or around the same time Plaintiff was shopping, employees of Target were in the process of disassembling several Christmas tree displays to relocate to another area of the store.

9. Upon information and belief, to hold the Christmas tree in an upright position, a Christmas tree was attached to a small rectangular stand or platform that rested on the floor.

10. These platforms were only approximately one to two inches high from the floor.

11. Upon information and belief, Target employees moved a Christmas tree display from the end of the aisle, but negligently left the small platform portion of the display on the floor by itself.

12. Mrs. Dumas was walking down an aisle shopping for Christmas decorations.

13. When Plaintiff walked to the end of the aisle and began to round the corner to enter the next aisle, Plaintiff tripped on the small platform negligently left on the floor by Target employees. She hit the floor hard, breaking her hip as well as experiencing severe pain and other injuries.

14. By leaving the small platform on the floor without any warning to its customers, Target created a dangerous and hazardous condition.

15. Target had no (or inadequate) policies and procedures about keeping its floors safe for its customers.

16. Target failed to adequately warn patrons, including Mrs. Dumas, of the dangerous condition created by leaving the small platform on the floor.

17. At all times pertinent to this action, Defendant Target Corporation owned and operated the store located at 26 White Bridge Road, Nashville, Tennessee, 37205.

18. As a result of the Defendant's negligence, Mrs. Dumas sustained painful bodily injuries, impairments, the need for medical care, and medical expenses. She has suffered many problems as a result of the negligence of the Defendant.

## WRONGS COMPLAINED OF DEFENDANT

19. Plaintiffs incorporate by reference, all factual allegations above, as if fully set forth herein.

20. At the time of the matters complained of herein, Defendant was negligent as follows:

   A. Negligently created a dangerous condition on its floor;

   B. Negligently failed to maintain their premises in a reasonably safe condition;

   C. Negligently failed to inspect its premises to discover a dangerous condition;

   D. Negligently failed to recognize the potential hazard and danger which existed on Defendant's premises;

   E. Negligently failed to remove the dangerous condition they knew, or should have reasonably known, about;

   F. Negligently failed to adequately warn of the dangerous condition;

   G. Negligently failed to provide reasonable safety precautions to protect others

on its premises when it was reasonably foreseeable that people could be hurt from the dangerous condition and circumstances;

H. Negligently created a hazardous condition by leaving the small platform on the floor; and,

I. Negligently had no (or inadequate) policies and procedures instructing its employees how to keep its floors safe for the public, and how to adequately warn the public of dangerous floors.

## DAMAGES

21. As a direct, proximate, and legal result of the negligence of the Defendant, Susan Dumas suffered and continues to suffer damages including, but not limited to, bodily injury, past and future pain and suffering, mental anguish, loss of enjoyment of life, and past and future medical expenses.

22. As a direct, proximate, and legal result of the negligence and recklessness of the Defendant, Sidney Dumas suffered and continues to suffer a loss of consortium including, but not limited to, a loss of love, society, and companionship of his wife, Susan Dumas.

## PRAYER FOR RELIEF

23. WHEREFORE, the Plaintiffs request Defendant be held accountable for all harms and losses caused and a judgment be entered against Defendant and in favor of Plaintiffs for all compensatory damages allowed under Tennessee law. Since Tennessee law requires a specific amount to be pleaded, the Plaintiffs demand FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS as compensatory damages for Plaintiff Susan Dumas and FIFTY THOUSAND ($50,000.00) DOLLARS as compensatory damages for Plaintiff Sidney Dumas. However, the

Plaintiffs reserve the right to adjust this demand as the medical proof develops in order for the amount demanded to more accurately reflect the harms and losses incurred as a result of the Defendant's negligence.

24. WHEREFORE, Plaintiffs demand a trial by jury.

25. WHEREFORE, Plaintiffs reserve the right to amend the Complaint to conform to the evidence as it develops.

26. WHEREFORE, Plaintiffs pray for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

KINNARD, CLAYTON & BEVERIDGE

| | |
|---|---|
| Randall L. Kinnard | #4714 |
| Patrick Thurman | #22311 |

127 Woodmont Boulevard
Nashville, TN 37205
(615) 297-1007
rkinnard@kinnardlaw.com
pthurman@kinnardlaw.com

*Attorneys for Plaintiffs*

Service ID 296672

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

DUMAS, SUSAN

                                                                                 **Plaintiff**

vs.

TARGET CORPORATION
CT CORPORATION SYSTEM
300 MONTVUE RD
KNOXVILLE, TN 37919-5546

                                                                                  **Defendant**

CIVIL ACTION
DOCKET NO. 22C1016
Method of Service:
Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 05/25/2022

                                                                        **RICHARD R. ROOKER**
                                                                        Circuit Court Clerk
                                                                 Davidson County, Tennessee

By: *[signature]*

                                                                         Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
PATRICK THURMAN
127 WOODMONT BOULEVARD
NASHVILLE, TN 37205

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

**CERTIFICATION**

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2018

EFILED 05/25/22 10:28 AM CASE NO. 22C1016 Richard R. Rooker, Clerk

RICHARD R. ROOKER, CLERK

By: _[signature]_     D.C.



To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 296672

rev. 09/01/2018